## SWEARINGEN v. NEWMAN ADM'R.

Nothing can be assigned for error in the sup. ct. except such as was
made the subject of exception in the court below,—whether the
cause be in chancery or on the common law side of the docket.

*Spalding for appellee.*

The appellee relies on the following points:    1. That
those points intended to be raised, are not presented by
the record. No exception is taken to any decision of
the court except the decree; and there is no motion for a
new trial. The court in lieu of the jury, found the issues,
and the issues being found as they were, the decree must
inevitably follow. All the error committed, if any was,
in finding the issues, that is  in discharging the functions
of a jury. In order to take advantage of such error,
exceptions must be taken to the acts of the court  in re-
fusing or admitting testimony &c. or in refusing to grant
a new trial. The new code in these respects, has put
trials in chancery on the same footing, as trials at law.—
New rev: code, page 511, article 3rd and page 522, sec.
31 to the end.   2. If, however, this court can now act as
an appellate jury and enter into the merits of the issues
tried below, the appellee, then contends that the deed
of assignment was not fraudulent in law, (for no fraud in
fact is pretended,) 2 Kent's commentaries, 420, 7 Whea-
ton, 557, (5 condensed rep. 345) 11 Wheaton, 78, (6 con.
Rep. 223,) 7 Peter's Rep. 608, Bashear v. West et al;
Oliver's conveyancing: appendix—opinion of Judge Sto-
ry reviewing the decisions and concluding that a release
required in order to a dividend and a reservation of the
surplus, do not make a deed of assignment fraudulent.—
3 Missouri Rep. 252, Deaver v. Savage et al—acts of
assmbly of 1830—1 page 42, regulating executions.—
The above citations show that a debtor has a right to
make preferences: to assign his property to trustees, for
that purpose: to make a release, a condition to the recep-
tion of any dividend. And that his stating in the deed,
that the surplus shall be returned to him, does not make
the deed fraudulent.—5 T. R. 235 and 3 Maull and Sel-

58

OCT. TERM
1836.

Swearingen
v.
Newman admr.

Statement of the case.

Opinion of the court.

Nothing can be assigned for error in the sup. ct. except such as was made the subject of exception in the court below—whether the cause be in chancery or on the common law side of the docket.

wyn, 371, to show that such assignment is not fraudulent, because it hinders or delays any particular creditors, or was intended to do so.

Opinion of the court delivered by McGirk Judge[*]

Swearingen brought a suit in chancery, against the appellees. Several issues were made up by the parties, and found by the court sitting as a jury. Testimony was also taken; and on the hearing, the court made a decree against the plaintiff, dismissing his bill. The testimony is preserved on the record: no motion was made to grant a new trial, of any issue found against the complainant; nor was any point of law made to the court, except that the decree was excepted to. The appellant has assigned for error, the finding of the court on the evidence: and he has also assigned for error, that the decree is erroneous. The other party moved this court to strike out all the errors assigned, except the last, which is, that the decree should have been for the other party.

We are clearly of opinion that nothing can be assigned for error, except such as was made the subject of exception in the court below. If the court or jury found a wrong verdict, the only remedy was to apply for a new trial of the issue; if that were improperly refused, this court would correct the error. The course attempted to be pursued, is the course pursued under the late act, now repealed, but since the passage of the act of 1835, the law is different. The 1st section of the 3rd art. of the act regulating chancery practice—R. code 511, says, before the hearing of a cause at issue, each party shall set down distinctly, all the allegations made by him, and denied by the other party, and issues shall be made thereon.

The 5th sect. says, that the trial of these issues shall be by a jury, if required. The 6th empowers the court to grant a new trial &c. The 9th provides that exceptions may be taken to the opinion of the court, during the progress of any cause or trial of any issue in chancery; and bills of exceptions shall be allowed, signed, sealed, and made a part of the record, in the same manner and with like effect as at law. The 31st sect. of the act respecting practice in the supreme court, (R. code 522) provides that no exception shall be taken in any appeal or writ of error, to any proceedings in the circuit court, except such as shall have been expressly decided on by such court. And the 36th sect. provides that the provisions

---

[*]Judge Wash absent

relative to appeals and writs of error, and the parties thereto shall be construed to extend to appeals from the decrees and decisions in chancery causes, in all respects the same as to appeals from the judgments in suits at law. By the foregoing, it appears, that a case in chancery is on the same footing with a case at law. We are of opinión, all the errors assigned on the wrong finding of the court on the evidence, must be stricken out: as to the other assignment, that the decree is erroneous, there is nothing in it, as we cannot look into the evidence. The decree is affirmed with costs.